('85)

# PETITION UNDER 28 USC § 2254 FOR WRIT OF
# HABEAS CORPUS BY A PERSON IN STATE CUSTODY

If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

**04   10125 RWZ**

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*Instructions — Read Carefully* MAGISTRATE JUDGE Collings

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under the penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your personal account exceeds $ _____ , you must pay the filing fee as required by the rules of the district court.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

FILED
Clerk's Office
USDC, Mass.
Date 1/20/04
By _____
Deputy Clerk

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AO 241 (Rev. 5/85)

| United States District Court | District: Massachusetts | Case No. |
|---|---|---|
| | Prisoner No. W56116 | |

Name: Daniel Yeboah-Sefah

Place of Confinement: Souza-Baranowski Correctional Center
P.O. Box 8000
Shirley, MA 01464

Name of Petitioner (include name under which convicted): Daniel Yeboah Sefah f/k/a Henry K. Boateng

Name of Respondent (authorized person having custody of petitioner): V. Edward Ficco

04 10125 RWZ

The Attorney General of the State of: Massachusetts

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: Worcester Superior Court, Worcester, Massachusetts

2. Date of judgment of conviction: March 18, 1994

3. Length of sentence: March 21, 1994 sentences imposed: First degree murder - life in prison without parole and the following on and after sentences; 18-20 years armed assault with intent to murder; assault and battery by means of a dangerous weapon - 9-10 years; assault with dangerous weapon - 4-5 years (all concurrent) - kidnapping was dismissed

4. Nature of offense involved (all counts):
   92-0656-1 - first degree murder
   92-0656-2 - armed assault with intent to murder
   92-0656-3 - assault and battery by means of a dangerous weapon
   92-0656-4 - assault by means of a dangerous weapon
   92-0656-5 - assault and battery
   92-0656-6 - kidnapping

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court <u>Supreme Judicial Court - Massachusetts</u>

   (b) Result <u>Affirmed all convictions except armed assault with intent to murder which was overturned and new trial ordered</u>

   (c) Date of result and citation, if known <u>January 21, 2003 -- 438 Mass. 498 (2003), Petition for rehearing filed on February 4, 2003 and denied on March 7, 2003.</u>

   (d) Grounds raised <u>1) Competency to stand trial; 2) Failure to conduct a hearing on voluntariness of statements; 3) Refusal to give instruction on failure to preserve exculpatory evidence; 4) Erroneous admission of autopsy photographs; 5) Failure to enter required finding of not guilty on murder indictment; 6) Failure to grant motion for new trial; 7) Entitled to relief under General Laws Chapter 278, Sec. 33E; 8) Instructing jury on consciousness of guilt</u>

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

     (1) Name of court _____

     (2) Result _____

     (3) Date of result and citation, if known _____

     (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

     (1) Name of court _____

     (2) Result _____

     (3) Date of result and citation, if known _____

     (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

   Yes ☒    No ☐    Motion For New Trial

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court <u>Supreme Judicial Court remanded to Worcester Superior Court for hearing General Laws Chapter 278, Section 33E</u>

     (2) Nature of proceeding <u>Motion For New Trial</u>

     (3) Grounds raised <u>Ineffective assistance of counsel based on 1) Counsel's genuine conflict of interest; 2) Failure to introduce petitioner's medical records; 3) Failure to produce additional mental health expert; 4) Failure to retain impartial forensic pathologist; 5) Failure to object to prosecutor's</u>

AO 241 (Rev. 5/85)

improper closing argument; 6) Failure to challenge admissability of petitioner's alleged statements to police and civilians; 7) Failure to object to erroneous jury instructions; 8) Waiving a contemporaneous competency examination; 9) Choosing to present petitioner at trial in a medicated state; 10) Failure to challenge the sufficiency of evidence present on assault with intent to murder and assault and battery with dangerous weapon by way of a motion for a required finding of not guilty

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☒      No ☐

    (5) Result  Denial of Motion For New Trial - appealed to Supreme Judicial Court for determination with direct appeal

    (6) Date of result  September 19, 2000

(b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐      No ☐

    (5) Result _____

    (6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☒    No ☐
    (2) Second petition, etc.    Yes ☐    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A.  Ground one: <u>Grounds 1-6 (12A - 12F) are enclosed herewith on separate sheet.</u>

Supporting FACTS (state *briefly* without citing cases or law)

B.  Ground two: <u>See attached sheet</u>

Supporting FACTS (state *briefly* without citing cases or law)

(5)

12A. (GROUND 1): The petitioner was deprived of the effective assistance of counsel at his trial in violation of his Sixth and Fourteenth Amendment rights.

SUPPORTING FACTS: Trial counsel was involved in a genuine conflict of interest based on his representation of a critical prosecution witness, Dr. Stanton Kessler, the medical examiner, in an unrelated civil case to which the medical examiner was a party. The petitioner's decision to continue with this dual representation was not knowingly, intelligently or voluntarily made since the trial judge failed to conduct a proper colloquy with the petitioner, neglecting to advise him that separate counsel could be appointed to assist him and that he need not proceed to trial with counsel with divided loyalties.
Trial counsel also failed to retain or present a forensic pathologist to challenge the cause of his child's death despite having been awarded funds by the court for such purpose.
Trial counsel failed to present additional medical experts on the issue of criminal responsibility as promised in his opening statement and failed to call Dr. Paul Spiers, a forensic psychologist, who had provided an opinion to counsel that the petitioner lacked criminal responsibility for the death of the child and the assault of Alicia Moore, resulting in the abandonment of any defense to the serious assault charges involving Ms. Moore.
Trial counsel failed to present a challenge to the voluntariness of the petitioner's purported statements to the police and to others and his waiver of his Miranda rights despite substantial evidence of the petitioner's serious mental impairment at the time such statements were alleged to have been made.
Trial counsel failed to request a competency hearing of the petitioner on the day that the trial commenced when there was a substantial question of possible doubt about the petitioner's competency to stand trial based on his long history of treatment for psychiatric problems.
Trial counsel failed to object to erroneous jury instructions concerning the elements of malice aforethought, which omitted mental impairment analysis and improperly defined the third-prong of malice; involuntary manslaughter, which lacked any reference to the petitioner's mental impairment in reaching a verdict; and voluntariness of statements made by an accused; which improperly described the burden of proof on the Commonwealth and omitted the required "totality of circumstances" language.

12B. (GROUND 2): The petitioner was deprived of his rights to due process of law and fundamental fairness under the Fourteenth Amendment by the state trial judge's failure to conduct a hearing to determine his competency to stand trial on the day that the trial commenced.

SUPPORTING FACTS: At the time of the trial, the petitioner continued to suffer from a severe and debilitating mental illness which he had battled since at least 1988. This long history of major mental illness about which both Commonwealth and defense psychiatric experts agreed resulted in his hospitalization at Bridgewater State Hospital for several months after his arrest. During his stay at Bridgewater State Hospital, he experienced intense auditory hallucinations and was delusional. At the Worcester County Jail where the petitioner spent the rest of the time awaiting trial, he attempted suicide twice and was under a suicide watch for thirty-two days. The psychiatrist employed by the county jail, Marcus Goldman, prescribed heavy dosages of both anti-psychotic and anti-depressant medications which were increased as the trial date approached. The petitioner was often paranoid during his contacts with his defense attorneys and with his psychiatric expert. There was a substantial doubt as to competence to stand trial. The competency hearing of February 24, 1994, a week before the trial started, did not remove this doubt.

12C. (GROUND 3): The state trial judge's failure to conduct a voluntariness hearing with respect to statements allegedly made by the petitioner to the police and to civilian witnesses shortly after the incident violated the petitioner's rights to due process of law and fundamental fairness under the Fourteenth Amendment.

SUPPORTING FACTS: There was substantial evidence at the time that the alleged statements were offered in evidence by the prosecution that the petitioner had suffered from a major mental illness for many years. The state trial judge was acutely aware that the defense was lack of criminal responsibility and that the prosecution and defense psychiatric experts agreed that the petitioner suffered from a major mental illness at the time of the incident. Further the judge had been made aware of the petitioner's long

history of mental illness, his serious emotional difficulties while awaiting trial and the nature and extent of the medications that he was prescribed. Voluntariness was a live issue at trial. The prosecutor relied on these purported statements in his closing argument to argue that the petitioner was criminally responsible for his action on October 25th and the Commonwealth's psychiatric expert also relied on the statements to reach his conclusion that the petitioner was responsible for his actions. The Supreme Judicial Court in its decision found that the state trial judge should have conducted a hearing before allowing such statements to be admitted in evidence but erroneously excused the judge's failure to require such hearing. Further due to his ingestion of all of his prescription medication, his drinking of bleach and cutting himself with a knife shortly after the incident, the petitioner has no recollection of making any statements to the police and therefore any statements made to police were coerced.

12D. (GROUND 4): The petitioner's rights to fundamental fairness, and due process of law under the Fifth and Fourteenth Amendments were violated by the state trial judge's failure to instruct the jury on the Commonwealth's failure to preserve exculpatory evidence.

SUPPORTING FACTS: The petitioner's trial counsel asked for an instruction to the jury on the effect of the failure of the police to perform tests of the petitioner's blood and vomit during their investigation. After the incident and before the police arrived at the apartment, the petitioner in response to auditory hallucinations to kill himself ingested all of his antipsychotic and antidepressant medications. He also cut himself with a knife and in a second suicide attempt drank bleach. He then vomited curdled blood in the bathroom. Although observed by the police, neither blood nor vomit specimens were collected by the police. Statements allegedly made by the petitioner after the ingestion of these substances were used extensively by the Commonwealth to counter the petitioner's lack of criminal responsibility defense. The jury should have been advised that the failure of the police to conduct tests on the blood and vomit found in the apartment could raise a reasonable doubt as to the petitioner's guilt.

12E. (GROUND 5): The petitioner's right to the effective assistance of trial and appellate counsel guaranteed by the Sixth and Fourteenth Amendments was violated by trial counsel's actual conflict of interest created by his late disclosure of his representation of the Commonwealth's forensic pathologist in an unrelated civil matter which deprived the petitioner of an opportunity to have counsel appointed to consult with him on his right to conflict-free counsel and the total absence of any hearing to determine whether his use of powerful anti-psychotic and antidepressant medications prevented him from knowingly, intelligently and voluntarily waiving his constitutional right to conflict-free counsel.

SUPPORTING FACTS: The petitioner has a long history of mental illness and treatment for this illness which began in 1988. His diagnoses have included major depression with psychotic features, intense auditory hallucinations and delusions and was and remains very paranoid. As his trial approached, the psychiatrist at the Worcester County Jail increased the dosages of the petitioner's prescription medications including an antipsychotic, Mellaril; an antidepressant, Elavil; as well as Lithium and Klonopin. When the trial began on March 1.1994, this combination of powerful medications caused the petitioner to be overly sedated and confused and resulted in such mental weakness at the time of this colloquy with the trial judge that he lacked the capacity to knowingly and intelligently waive his constitutional right to conflict-free counsel. Medical testimony presented on February 24, 1994 on the issue of the petitioner's competency to stand trial failed to address the effect that the combination of such medication had on his ability to make decisions during the trial. Most importantly, there was no competency hearing to determine whether the petitioner was competent to knowingly, voluntarily and intelligently waive his constitutional right to conflict-free counsel, given his heavily medicated condition at trial.

12F (GROUND 6): The petitioner was deprived of his due process rights and fundamental fairness as guaranteed by the Fourteenth Amendment when the Supreme Judicial Court in its decision failed to address issues raised in his appeal.

SUPPORTING FACTS The Supreme Judicial Court failed to address the petitioner's challenge to his trial counsel's effectiveness based on his failure to oppose the admissibility of his purported statements during and after the incident and his failure to object to the trial judge's improper instruction to the jury on the nature of the Commonwealth's burden of proof as to the voluntariness of statements made by the accused. "Totality of circumstances" language was also omitted from said instruction and trial counsel also failed to object to this error.

AO 241 (Rev. 5/85)

C.  Ground three: <u>See attached sheet</u>

Supporting FACTS (state *briefly* without citing cases or law)

_____

_____

_____

_____

_____

_____

_____

D.  Ground four: <u>See attached sheet</u>

Supporting FACTS (state *briefly* without citing cases or law)

_____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: <u>In argument 12E, the specific challenge to the waiver of conflict-free counsel based on petitioner's lack of competency due to the effects of heavy dosages of medication taken by him when the trial began, was not made by trial counsel. Nor did appellate counsel raise this challenge during the state appeal process.</u>

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐        No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a)  At preliminary hearing  <u>Michael Hussey, Committee For Public Counsel Services</u>

         <u>340 Main Street, Worcester, MA</u>

    (b)  At arraignment and plea  <u>Michael Hussey, Committee For Public Counsel Services</u>

         <u>340 Main Street, Worcester, MA</u>

(6)

,1 (Rev. 5/85)

(c) At trial  John H. LaChance

   600 Worcester Road, Framingham, MA

(d) At sentencing  John H. LaChance

   600 Worcester Road, Framingham, MA

(e) On appeal  Kenneth G. Littman

   251 Cherry Street, Fall River, MA  02720

(f) In any post-conviction proceeding  Kenneth G. Littman

   251 Cherry Street, Fall River, MA  02720

(g) On appeal from any adverse ruling in a post-conviction proceeding  Kenneth G. Littman

   251 Cherry Street, Fall River, MA  02720

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☒     No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐     No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐     No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

January 20, 2004
    (date)

_____
Signature of Petitioner

(7)