UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANIEL YEBOAH-SEFAH
A/K/A HENRY K. BOATENG,
    Petitioner

vs.

EDWARD FICCO,
SUPERINTENDENT,
    Respondent

04 10125 RWZ

CIVIL ACTION NO:

## PETITIONER'S MOTION TO STAY PROCEEDINGS

The petitioner, Daniel Yeboah-Sefah, in the above-entitled matter moves this Court to stay the proceedings on his Petition For Writ Of Habeas Corpus By A Person In State Custody filed pursuant to 28 U.S.C. §2254, pending the complete exhaustion of his state court remedies. In support of this motion, the petitioner states the following:

(1)    On March 18, 1994, the petitioner was convicted of the offense of murder in the first degree and four other assault indictments in the Worcester County Superior Court.

(2)    On January 21, 2003, the Supreme Judicial Court of Massachusetts affirmed the petitioner's convictions in Commonwealth v. Boateng, 438 Mass. 498 (2003).

(3)    On January 20, 2004, the petitioner filed the instant petition in this Court.

(4)    The instant petition is a "mixed petition in that not all of the petitioner's claims have been exhausted in state court; in particular, Ground 12E which asserts that the petitioner's rights to the assistance of counsel was violated by the ineffective representation of trial counsel at trial based on a conflict of interest created by trial counsel's late disclosure of his representation of the Commonwealth's forensic expert in an unrelated civil matter. Because he was taking a combination of antipsychotic and antidepressant medications and was heavily medicated at trial,

he lacked the capacity to knowingly and intelligently waive his right to conflict-free counsel.

(5)    The petitioner is in the process of completing a review of this issue and ~~may~~ will file a motion for a new trial in the state court based on this specific challenge to his waiver of confict-free counsel.

(6)    "There is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies". Neverson v. Bissonnette, 261 F.3d 120, 125 n.3 (1st Cir. 2001), citing Duncan v. Walker, 533 U.S. 167, 121 S. Ct. 2120, at 2130, 150 L. Ed.2d 251 (2001). Moreover, "Post-AEDPA, this will be the preferable course in many cases in which an outright dismissal threatens to imperil the timelines of a collateral attack". Neverson v. Bissonnette, supra at 125 n.3. See also, Kilburn v. Maloney, 164 F. Supp. 2d 117 (D. MA. 2001); Nowaczk v. Warden, 299 F.3d 69, 83 (1st Cir. 2002).

Respectfully submitted
By his attorney,

_Kenneth G. Littman_  # 300660

Kenneth G. Littman, Esquire
Peppard & Littman, P.C.
251 Cherry Street
Fall River, Massachusetts 02720
Tel: (508) 675-8900

Certificate of Service

I, Kenneth G. Littman, hereby state on the 20th day of January, 2004 I caused a true copy of the petitioner's Motion to Stay Proceedings to be served on the office of Attorney General Amelia, Section one Ashburton Place, Boston MA 02108 by 1st class mail, postpaid.

_Kenneth G. Littman_