UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                             )
DANIEL YEBOAH-SEFAH,         )
                             )
      Petitioner,            )
v.                           )     Civil Action No. 04-10125-RWZ
                             )
EDWARD FICCO,                )
                             )
      Respondent.            )
_____)
```

**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS AND IN OPPOSITION TO PETITIONER'S MOTION TO STAY**

Petitioner Daniel Yeboah-Sefah, known at the time of his conviction as Henry Boateng, is currently serving a life sentence of imprisonment after being convicted of the 1992 first degree murder of his five-week-old son. Petitioner raises six grounds for habeas corpus relief: 1) that he was denied effective assistance of trial counsel; 2) that his due process rights were violated when the court failed to hold a second competency hearing on the day trial began; 3) that due process required that the court hold a hearing to determine whether incriminating statements he made to the police were voluntary; 4) that the court violated his due process rights by failing to specifically instruct the jury that the failure to the Commonwealth to collect blood and vomit samples at the scene could raise reasonable doubt; 5) that he received ineffective assistance of trial and appellate counsel when counsel failed to argue that he was incompetent to waive the conflict created by trial counsel's prior representation of a witness in an unrelated matter; and 6) that the Supreme Judicial Court violated due process by failing to specifically address several of the grounds for ineffective assistance raised in his appeal to that Court. Petition, Paper No. 1, at ¶ 12. Petitioner concedes that he is not currently entitled to habeas corpus relief because he has failed to fully exhaust these claims by presentation to the courts of Massachusetts. Instead, Petitioner has filed together with his petition

a motion to indefinitely stay these proceedings, so that he may review whether to file future collateral proceedings in state court. *See* Motion to Stay, Paper No. 2.

The petition should be dismissed, not stayed. Even if this court has the power to maintain jurisdiction over claims where it is currently barred from granting relief, the court should not exercise such a power where the petition serves no other function than circumvention of the statute of limitations.

### I. Prior Proceedings

The facts underlying the conviction are set forth in the opinion of the Supreme Judicial Court ("S.J.C."). Supplemental Appendix at Tab E, pp. 6-7 [hereinafter "Supp. App. at ___:___"]. In summary, in October 1992, Petitioner lived in Worcester with Alecia Moore and their five-week-old son Jameel. *Id*. at 6. On October 25, Moore told Boateng he would have to move out of the apartment, after which he strangled, hit and kicked her over the course of about two hours. *Id*. During this time, Petitioner took Jameel out of his crib, threw him on the floor and kicked and strangled him, kicking Moore in the face when she tried to stop him. *Id*. Jameel died from his injuries. *Id*. Petitioner was charged with first degree murder, armed assault with intent to murder, assault and battery with a dangerous weapon, and assault and battery. *Id*. at 6-7. Petitioner's defense was that he was not criminally responsible because he was suffering from severe psychiatric disease. *Id*. at 7. A Worcester County jury convicted Petitioner on all counts, and he was sentenced to life imprisonment. *Id*. at 6-7.

Petitioner then filed a motion for a new trial alleging that trial counsel was ineffective, *inter alia*, in his presentation of his psychiatric defense. The trial court held an evidentiary hearing and concluded that trial counsel was not ineffective.

Petitioner's appeals from the convictions and the denial of the new trial motion were consolidated before the S.J.C., where Petitioner presented eight categories of arguments for reversal of the convictions. *See* Appellant's Brief, Supp. App. at Tab B:9-125. The S.J.C. reversed the denial of the new trial motion with respect to Petitioner's conviction for assault with intent to murder, holding that the judge improperly instructed the jury on the concept of malice for purposes of this charge, but rejected Petitioner's challenges to the remaining convictions. Supp. App. at E:13. In addition, the Court conducted plenary review of the entire record of the case and concluded that Petitioner "was well represented by counsel, and that the case was fairly tried." *Id*. The Court thus refused to disturb the first degree murder conviction and, on January 21, 2003, affirmed the judgment of the trial court in all respects, other than the conviction for assault with intent to murder, which was reversed and remanded to the trial court. *See* Docket Sheets, Supp. App. at A:5.

Petitioner filed a petition for rehearing in the S.J.C. on February 4, 2003, and the Court denied the petition on March 7, 2003. Supp. App. at A:5. The instant petition and motion to stay were filed together on January 21, 2004.

**II. A Stay Would Undermine the Policy Requiring Complete Exhaustion of State Remedies as a Prerequisite to Seeking Federal Habeas Corpus Relief**

Title 28 U.S.C. § 2254(b)(1)(A) expressly prohibits federal courts from entertaining habeas corpus petitions from prisoners who have failed to first pursue the remedies available to them in state court: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." As the Supreme Court has noted, this statute codifies the long-standing "principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice in state courts only in rare

cases where exceptional circumstances of peculiar urgency are shown to exist." *Ex Parte Hawk*, 321 U.S. 114, 117 (1944) (internal citations omitted); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982) (§ 2254 codifies the exhaustion doctrine as described in *Hawk*). To promote this important interest in State sovereignty and to avoid the "unseemly" intervention of federal courts to correct errors that could be corrected if properly presented to State courts, the Supreme Court has insisted on a "rigorously enforced total exhaustion rule," one which requires not only that a particular claim be exhausted before relief can issue, but also that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Id*. at 518-22.[1]

Petitioner concedes that his petition is unexhausted, within the meaning of *Rose*, because he failed to present the claim in Ground 5 to any Massachusetts court.[2] Pet. at ¶ 13; Motion for Stay at ¶ 4. Despite the clear mandate of *Rose* that dismissal is required for mixed petitions, Petitioner nevertheless seeks to file this petition and have it remain inactive on this Court's docket indefinitely while he explores the possibility of future collateral review in state court. Stay Mot. at ¶ 5.

The suggestion a federal court may stay a mixed petition, rather than dismiss it, as *Rose* requires, arises from Justice Stevens's concurrence in *Duncan v. Walker*, 533 U.S. 167, 182-84 (2001). There, Justice Stevens suggested that since the one-year statute of limitations for habeas corpus petitions, 28 U.S.C. § 2244(d)(1), (enacted after *Rose* was decided) might permanently

---

[1] Under the current version of § 2254, a district court may also deny such unexhausted petitions on the merits. 28 U.S.C. § 2254(b)(2).

[2] It appears that the claims in Grounds 1 - 4 have been presented to the S.J.C. Undersigned counsel has located no filing presenting the claim in Ground 6 to the S.J.C., but counsel has not yet been able to obtain a copy of Petitioner's Petition for Rehearing, which might well have raised the issue. The Petition for Rehearing will be filed with the Court when obtained by counsel, which should occur shortly. Whether both Grounds 5 and 6, or only Ground 5, are unexhausted makes no substantive difference for purposes of the Motions to Dismiss and to Stay.

foreclose federal relief for meritorious claims, federal courts could maintain jurisdiction over such claims pending state court exhaustion. *Id*. As Petitioner indicates, the First Circuit has pointed to this concurrence and suggested, in dicta, that district courts should consider stays of mixed petitions in some circumstances, especially where "an outright dismissal threatens to imperil the timeliness of a collateral attack." *Neverson v. Bissonnette*, 261 F.3d 120, 125 n.3 (1st Cir. 2001). Even assuming that district courts have the power to stay mixed petitions where dismissal would bar any later federal relief (a question upon which the federal appellate circuits are sharply split), *compare Sims v. Kenney*, 341 F.3d 681, 686 (8th Cir. 2003) (district court has no power to stay habeas corpus petition containing unexhausted claims in the absence of extraordinary circumstances); *Ford v. Hubbard*, 330 F.3d 1086, 1097-98 (9th Cir. 2003) (district court has no discretion to stay mixed petitions), *with Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001), *cert. denied*, 534 U.S. 1015 (2001) (stay is the only appropriate course where unexhausted claims would otherwise be barred); *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000), *cert. denied*, 531 U.S. 946 (dismissal improper where federal relief would be barred), a stay here serves no purpose other than evading the policy favoring prompt and complete state court exhaustion.

As the Supreme Court has indicated, the exhaustion requirement and the statute of limitations (with its tolling provision for state postconviction attacks) evince a "clear purpose": to "encourage litigants *first* to exhaust all state remedies and *then* to file their federal habeas petitions as soon as possible." *Duncan v. Walker*, 533 U.S. 167, 181 (2001) (emphasis in original). To effect this policy in favor of prompt, complete exhaustion, the statute of limitations is tolled while state (but not federal) collateral relief is sought, 28 U.S.C. § 2254(d)(2), which is, as *Duncan* holds, "a powerful

incentive" to present claims to state courts in a timely fashion and avoid premature resort to federal courts. *Id.* at 180.

This policy would be seriously undermined by the grant of a stay in this proceeding. This is not a case where a prisoner was unaware that, or unsure whether, his claims were unexhausted. Nor is this a case where Petitioner was unable to timely seek state postconviction relief that would toll the statute of limitations. Rather, Petitioner, represented by counsel and with several months remaining before the statute of limitations elapsed, chose to file his federal petition simultaneously with a motion to stay that petition, so that he could extend the time he had available to explore the possibility of filing further state postconviction proceedings. Allowing a stay in such circumstances eviscerates the policy underlying the exhaustion and statute of limitations provisions, which encourage prompt, complete, exhaustion of state remedies, and only then permit recourse to the federal courts.

Even if this Court dismisses this petition, Petitioner has approximately two months remaining[3] to seek state collateral review that would toll the statute of limitations, and would accordingly have "a powerful incentive" to do so promptly. That is what the statute envisions. In contrast, a stay would provide an indefinite and open-ended suspension of the statute of limitations, during which no proceedings in any court were actively taking place.

---

[3] It appears that the statute of limitations began to run on approximately June 6, 2003, the day after the time for Petitioner to seek direct review in the United States Supreme Court expired.

**Conclusion**

Both the habeas corpus statute and long-standing core doctrines of habeas corpus jurisprudence require dismissal of this petition until and unless petitioner has fully availed himself of all the remedies available to him in the courts of Massachusetts. For these reasons, respondent respectfully suggests that his motion to dismiss should be allowed and that this petition should be dismissed pursuant to 28 U.S.C. § 2254(b)(1)(A).

    Respectfully submitted,

    THOMAS F. REILLY
    ATTORNEY GENERAL

    /s/ David M. Lieber
    David M. Lieber (BBO# 653841)
    Assistant Attorney General
    One Ashburton Place
    Boston, Massachusetts  02108
    (617) 727-2200 ext.2827

    ATTORNEYS FOR RESPONDENT

Dated: March 29, 2004