UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 JUN 16  P 12: 14

U.S. DISTRICT COURT
DISTRICT OF MASS.

DANIEL YEBOAH-SEFAH,
    Pro Se, Petitioner

v.

EDWARD FICCO,
    Respondent

CIVIL ACTION NO. C04-10125-RWZ

### PETITIONER'S MOTION TO STAY PROCEEDINGS

The petitioner, acting pro se, in the above-captioned matter moves this Honorable Court to stay the proceedings on his Petition For Writ Of Habeas Corpus By A Person In State Custody filed pursuant to 28 U.S.C. § 2254, pending the complete exhaustion of his state court remedies. In support of this motion, the petitioner states the following:

(1) On March 18, 1994, the petitioner was convicted of offense of murder in the first degree and other assault indictments in the Worcester County Superior Court.

(2) On January 21, 2003, the Supreme Judicial Court of Massachusetts affirmed the petitioner's conviction in part, and reversed in part in Commonwealth v. Boateng, 438 Mass. 498, 781 N.E.2d 1207 (2003)[1]

(3) On February 4, 2003, the petitioner filed motion for rehearing in the Supreme Judicial Court of Massachusetts, and the Court denied the motion for rehearing on March 7, 2003.

(4) On January 21, 2004, the petitioner filed the instant petition in this Court.

---

[1] The petitioner was formerly known as Henry K. Boateng

(5) Pursuant to 28 U.S.C. § 2244(d)(1), a one year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. This period of limitation begins to accrue on "...the date on which the (state court) judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" 28 U.S.C. § 2244(d)(1)(A).

(6) Given the fact that the judgment became final on March 7, 2003 when the Supreme Judicial Court of Massachusetts affirmed the petitioner's convictions and the instant petition was filed in this Court on January 21, 2004, the petition was timely filed in this Court as required by 28 U.S.C. § 2244(d)(1).

(7) The instant petition is a "mixed" petition in that not all of the petitioner's claims have been exhausted in state court; in particular, Ground 5 which asserts that, "The petitioner's right to the effective assistance of trial counsel and the appellate counsel guaranteed by the Sixth and Fourteenth Amendments were violated by counsel's actual conflict of interest created by his late disclosure of his [simultaneous] representation of the Commonwealth's [key witness], forensic pathologist in an unrelated civil matter which deprive the petitioner of an opportunity to have counsel appointed to consult with him on his right to conflict-free counsel and the total absence of any hearing to determine whether his use of powerful anti-psychotic and anti-depressant medications prevented him from knowingly, intelligently and voluntarily waiving his constitutional right to conflict-free counsel," has not been exhausted in state court.

(8) Petitioner, acting pro se, has filed his Motion For A New Trial in the Worcester County Superior Court on or about June 3, 2004 regarding the issues raised in the said Ground 5 of the instant petition and the petitioner contends that this issue is highly meritorious.

(9) "There is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies." Neverson v. Bissonnette, 261 F.3d 120, 125 n.3 (1st Cir. 2001), citing Duncan v. Walker, 533 U.S. 167, 121 S.Ct.2120, 2130, 150 L.Ed.2d 251 (2001). Moreover, "Post-AEDPA, this will be the preferable couse in many cases involving 'mixed' petitions - and it may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeless of a collateral attack." Neverson v. Bissonnette, supra, at 125 n.3. See also, Kilburn v. Maloney, 164 F.Supp.2d 117 (D. Mass. 2001); Laurore v. Spencer, 267 F.Supp.2d 131, 138, n.4 (D. Mass. 2003), and cases cited; Ford v Hubbard, 305 F.3d 875, 883-7 (C.A.9 (Cal) 2002).

(10) The petitioner submits that as was the procedure imposed by the Magistrate Judge and adopted by the District Court in Kilburn v. Maloney, Id. at 118, as a condition of a stay, he be required to file "...regular status reports on the progress of the state court proceedings," at preferable ninety (90) days intervals and that he be mandated to return to this Court within thirty (30) days of the petitioner's state remedies being exhausted in the courts of the Commonwealth of Massachusetts.

Respectfullu submitted,

_____
Daniel Yeboah-Sefah, Pro Se
Souza-Baranowski Corr. Center
P.O. Box 8000
Shirley, MA 01464

## CERTIFICATE OF SERVICE

I, Daniel Yeboah-Sefah, acting pro se, hereby state that on the 10th day of June, 2004, I have caused a true copy of the **Petitioner's Motion To Stay Proceedings** to be served upon Assistant Attorney General, David Lieber, postage prepaid, at the Office of the Attorney General, Criminal Bureau, One Ashburton Place, Boston, MA 02108.

_____
Daniel Yeboah-Sefah, Pro Se