```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS
```

No. 04-CV-10125-RWZ

Daniel Yeboah-Sefah,
    Petitioner

v.

Edward Ficco,
    Respondent

PETITIONER'S FIRST AMENDMENT TO HIS
PETITION FILED UNDER 28 U.S.C. § 2254

Pursuant to Fed. R. Civ. P. 15(a), the Petitioner hereby amends his Petition for Relief filed under 28 U.S.C. § 2254 as follows:

Under Paragraph 12 of the Petition, he adds:

12G (GROUND 7): The Petitioner's trial counsel provided ineffective assistance of counsel because he did not solicit expert opinion from any mental health expert that the defendant's mental illness prevented him from appreciating the consequences of his actions sufficiently to render him guilty of first degree murder on a theory of extreme atrocity or cruelty.

SUPPORTING FACTS: An independent mental health expert appointed by the trial judge and called as a witness by the Commonwealth, Dr. Mark Whaley, had submitted a report to the Court prior to trial that in his opinion the Petitioner suffered from a major mental illness which caused him to act with a diminished mental capacity at the time of the killing. Furthermore, Dr. Whaley testified at trial that the defendant suffered from a major mental illness which prevented him from acting with deliberate premeditation. After the trial, undersigned counsel obtained an affidavit from Dr. Whaley indicating that in his opinion the Petitioner's mental illness prevented him from appreciating the consequences of his

actions sufficiently to render him guilty of first degree murder on a theory of extreme atrocity or cruelty. This error was prejudicial to the Petitioner because the jury convicted him of first degree murder on a theory of extreme atrocity or cruelty.

### Procedural History

On January 21, 2004, the Petitioner filed a Petition for Relief from a State Court Conviction and Sentence under 28 U.S.C. § 2254. That Petition included one claim that had not been adjudicated in state court. Accordingly, on June 7, 2004, the Petitioner filed a pro se Motion for Post-Conviction Relief in state court in order to exhaust state remedies with regard to that claim for purposes of federal habeas litigation. Subsequently, undersigned counsel was appointed to represent the Petitioner in this matter. After reviewing the record, counsel discovered an additional ground to challenge the Petitioner's conviction that had not previously been raised in any court. That ground is the basis of this Amendment and is outlined above. Accordingly, on March 28, 2005, counsel filed an Addendum to Petitioner's pending state court Motion for Post-Conviction Relief in which he raised the issue.

The state superior court judge assigned to this matter (Agnes, J.) addressed this issue in his Memorandum of Decision and Order on Defendant's Motion for New Trial denying post-conviction relief. Furthermore, a single justice of the state Supreme Judicial Court (Cowin, J.) also addressed this issue in her decision denying further appellate review. Therefore, Petitioner has now exhausted state remedies with regard to this claim for purposes of federal

2

habeas litigation.

Having exhausted his remedies in state court, Petitioner now adds this claim to his pending Petition for Relief from a State Court Conviction and Sentence under 28 U.S.C. § 2254.

## Discussion

Federal Rule of Civil Procedure 15(a) provides in relevant part that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."[1]  In this case, the Respondent has not yet filed a responsive pleading. Rather, it has filed a motion to dismiss. A motion to dismiss is not a "responsive pleading." Centifanti v. Nix, 865 F.2d 1422, 1431 n. 9 (3rd Cir. 1989) ("Neither a motion to dismiss, nor a motion for summary judgment, constitutes a responsive pleading under [Rule] 15(a)"); Vernell v. United States Postal Serv., 819 F.2d 108, 110 (5th Cir. 1987) ("A motion to dismiss is not a responsive pleading and therefore does not extinguish the right to amend an initial pleading"); Washington v. James, 782 F.2d 1134, 1138-39 (2nd Cir. 1986) (party may "as a matter of right" amend complaint during pendency of motion to dismiss); McDonald v. Hall, 579 F.2d 120 (1st Cir. 1978) ("Neither a motion to dismiss nor one for summary judgment is a responsive pleading for purposes of Rule 15(a)"); 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1475 (1990) ("the

---

[1] The Federal Rules of Civil Procedure apply to motions to amend habeas corpus motions. See United States v. Duffus, 174 F.3d 333, 336 (3rd Cir. 1999).

filing of a motion does not constitute a 'responsive pleading'").

As the above cited authority makes clear, Rule 15(a) provides the Petitioner with the right to amend his complaint "as a matter of course" before it is answered.

Dated: May 31, 2006                     Respectfully Submitted,

/s/

Chauncey B. Wood, BBO# 600354
Shea, LaRocque & Wood, LLP
47 3rd Street, Suite 201
Cambridge, MA 02141
Tel. (617) 577-8722