UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DANIEL YEBOAH-SEFAH, | ) ) ) | |
| Petitioner, | ) | |
| v. | ) ) | Civil Action No. 04-10125-RWZ |
| EDWARD FICCO, | ) ) ) | |
| Respondent. | ) ) | |

## **ANSWER**

Respondent, pursuant to Rule 5 of the Rules Governing Section 2254 Cases, answers the amended petition (Paper No. 22) for writ of habeas corpus as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. (a) Admitted.

   (b) Admitted.

   (c) Admitted.

   (d) Respondent admits that the grounds raised by Petitioner are those reflected in Petitioner's briefs to the Supreme Judicial Court, which have been filed in respondent's

Supplemental Appendix, Exhibits B and D. To the extent that Petitioner alleges that he raised any grounds on direct appeal not contained in those briefs, Respondent denies the allegation.

10. Admitted.

11. (a)(1) Admitted.

(a)(2) Admitted.

(a)(3) Respondent admits that the grounds raised by Petitioner in his first motion for a new trial are those reflected in Petitioner's Motion for New Trial, Supp. App. at Exh. F, pp. 45-154. To the extent that Petitioner alleges that he raised any grounds not contained in that motion, Respondent denies the allegation.

(a)(4) Admitted.

(a)(5) Admitted.

(a)(6) Admitted.

12. Respondent admits that the grounds listed in ¶ 12 of the petition are the grounds upon which petitioner contends that he is being held unlawfully. To the extent that paragraph 12 contains any allegations requiring a further response, Respondent denies those allegations, and Respondent further denies that any of the grounds stated in Petitioner's memorandum show that petitioner is being held unlawfully.

13. Admitted.

14. Respondent states that he lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in ¶ 14 of the petition, and the allegation in ¶ 14 is therefore denied.

15. Admitted.

16. Admitted.

17. Respondent lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 17 of the petition, and therefore denies the allegations.

### FIRST AFFIRMATIVE DEFENSE

18. Petitioner has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

19. Petitioner has failed to exhaust the remedies available to him in state court.

### THIRD AFFIRMATIVE DEFENSE

20. The amended petition is barred by the statute of limitations. 28 U.S.C. § 2244(d)(1).

### FOURTH AFFIRMATIVE DEFENSE

21. The petition contains claims barred by procedural default in state court.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ David M. Lieber
David M. Lieber (BBO# 653841)
Assistant Attorney General
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200 ext.2827

ATTORNEYS FOR RESPONDENT

Dated: June 12, 2006