```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS


                                            No. 04-CV-10125-RWZ


                     Daniel Yeboah-Sefah,
                          Petitioner

                              v.

                        Edward Ficco,
                         Respondent
```

PETITIONER'S OPPOSITION TO THE RESPONDENT'S
SECOND MOTION TO AMEND THE SCHEDULING ORDER

   Petitioner, Daniel Yeboah-Sefah, opposes the Respondent's Second Motion to Amend the Scheduling Order, allowing it to file a memorandum of opposition to his Petition by January 2, 2007. In support of his position, Petitioner states:

   1.  The Petitioner was convicted of first degree murder after a jury trial in Worcester Superior Court and sentenced to life in prison without the possibility of parole. After his conviction was affirmed by the Massachusetts Supreme Judicial Court, the Petitioner filed a habeas corpus petition in this Court alleging numerous constitutional violations in the state court legal proceedings and seeking his immediate release.

   2.  On June 2, 2006, this Court entered a briefing order requiring that Petitioner file his memorandum of law on the merits of his habeas corpus petition by August 11, 2006 and that respondent file its opposition thirty-five (35) days later, by

                              1

September 15, 2006.

    3.   On Petitioner's motion, the court extended Petitioner's briefing deadline sixty (60) days to October 10, 2006. Petitioner filed his memorandum on that date.

    4.   Thirty-five days later, on November 14, 2006, respondent's counsel filed a motion to amend the scheduling order. He asked the court to extend the date by which his opposition was due by an additional thirty-one days to December 15, 2006. The Petitioner took no position on this request. This court never ruled on the motion.

    5.   The respondent did not file any opposition on December 15, 2006. On that date undersigned counsel called respondent's counsel, David Lieber and asked him whether he planned to file an opposition and if so when. Mr. Lieber indicated that he did plan to file an opposition but that he had been delayed because of an illness. He indicated that he would file his opposition by December 21st, 2006, "at the latest."

    6.   Based on this representation, undersigned counsel took no action on Mr. Lieber's failure to file an opposition by December 15th, the date he had requested of the court.

    7.   Despite his promise, Mr. Lieber did not file any opposition on December 21st. Undersigned counsel called Mr. Lieber's office on December 22nd to inquire and received a recorded message that Mr. Lieber was out of the office until December 28th. Later that day, undersigned counsel spoke to his

colleague, Assistant Attorney General Randy Ravitz.  Undersigned counsel explained the situation and asked Mr. Ravitz to inquire when or if Mr. Lieber intended to file an opposition.  Mr. Ravitz promised to look into the matter.

8. Mr. Ravitz called undersigned counsel later that day and informed him that he had spoken with Mr. Lieber.  He indicated that Mr. Lieber did intend to file an opposition and that he would do so by no later than the end of that day, December 22nd.  Based on that representation, undersigned counsel again took no action on Mr. Lieber's failure to file an opposition by December 15th, the date he had requested of the court.

9. Mr. Lieber did not file his opposition by the end of the day on December 22nd, 2006.  Today, Mr. Lieber filed a Second Motion to Amend the Scheduling Order, in which he asked that the Court allow him to file an Opposition by January 2, 2007.

Given Mr. Lieber's repeated failure to file his opposition in a timely manner, undersigned counsel respectfully requests that this Court deny the Respondent's Second Motion to Amend the Scheduling Order, and grant Petitioner's Petition for Habeas Corpus on the grounds stated in the Petition and for the reasons stated in his memorandum of law, having received no substantive opposition from the Commonwealth.

3

Dated: December 26, 2006                    Respectfully Submitted,


/s/ Chauncey B. Wood
Chauncey B. Wood, BBO# 600354
Shea, LaRocque & Wood, LLP
47 3rd Street, Suite 201
Cambridge, MA 02141
Tel. (617) 577-8722

## CERTIFICATE OF SERVICE

    I certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), including David Lieber, AAG, counsel for Respondent Edward Ficco in this matter.

                                                           /s/ Chauncey B. Wood
                                                           Chauncey B. Wood