UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

No. 04-CV-10125-RWZ

Daniel Yeboah-Sefah,
Petitioner

v.

Edward Ficco,
Respondent

PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO RECONSIDER

Petitioner, Daniel Yeboah-Sefah, opposes the Respondent's Motion to Reconsider and to Permit Respondent to File Brief within Five Days.

The Respondent claims that it has "violated no court ordered briefing deadline." This is simply not true. On June 7, 2006, this Court clearly ordered the Respondent to file any pleadings thirty-five (35) days after Petitioner filed his pleadings. Because Petitioner filed his memorandum of law in support of his Petition (in a timely manner) on October 10, 2006, any memorandum which the Respondent wished to file was due 35 days later, on November 14, 2006. The Respondent clearly understood this because on that date it filed a Motion to Amend the Scheduling Order, asking for an additional thirty-one days to file its memorandum of law. Despite this, and a second Motion to Amend the Scheduling Order to allow it to file its memorandum by

1

January 2, 2007, the Respondent never filed a memorandum of law. It can hardly be said that this Court has inequitably precluded the Respondent from filing a responsive pleading where the Respondent has twice failed to file its pleading by the date it requested, and offered absolutely no justification for that failure.

At least one federal circuit court has indicated that a respondent's long and inadequately explained delays in a habeas corpus proceeding implicate a petitioner's constitutional right to due process of law.  See Ruiz v. Cady, 660 F.2d 337 (7th Cir. 1981) ("Where the respondent [in a habeas corpus proceeding] is guilty of long and inadequately explained delays, it may be presumed that the petitioner is being illegally confined.  In those situations, the petitioner's due process rights would be denied, and the writ of habeas corpus, challenging illegality of detention reduced to a sham if the trial court did not act within a reasonable time.") (Citations, quotation marks and ellipses omitted).  Accordingly, two circuits have held that it is appropriate for a district court to refuse to consider a tardy response by a respondent in a habeas corpus proceeding.  See Frick v. Quinlan, 631 F.2d 37 (5th Cir. 1980); Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974).

Accordingly, the Petitioner respectfully submits that this Court should deny the Respondent's Motion to Reconsider.

Dated: January 23, 2007                    Respectfully Submitted,


                                           /s/ Chauncey B. Wood
                                           Chauncey B. Wood, BBO# 600354
                                           Shea, LaRocque & Wood, LLP
                                           47 3rd Street, Suite 201
                                           Cambridge, MA 02141
                                           Tel. (617) 577-8722

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), including David Lieber, AAG, counsel for Respondent Edward Ficco in this matter.


<u>/s/ Chauncey B. Wood</u>
Chauncey B. Wood