UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2007 FEB -8 P 1: 21

US DISTRICT COURT
DISTRICT OF MASS

DANIEL YEBOAH-SEFAH, )
  )
  Petitioner )
  )
v. ) CIVIL ACTION NO. 04-CV-10125-RWZ
  )
EDWARD FICCO, )
  )
  Respondent )

## MOTION TO SUPPLEMENT PLEADING

Petitioner respectfully requests, pursuant to Fed.R.Civ.P. 15(d), that this Honorable Court allow him to supplement his Memorandum in support of his Writ of Habeas Corpus.

In support thereof, the petitioner would like to add the united States Supreme Court precedent, which correctly address a waiver of constitional rights, various forms of conflict of interest and divided loyalty situations. See, Von Molke v. Gillies, 332 U.S. 708, 68 S.Ct. 316 (1948). Moreover, other Sister Circuits have extended Von Molke to dual or simultaneous representation and a waiver of constitutional rights cases. In that when actual conflict of interest exists, the petitioner need not prove that he was prejudiced thereby. See, e.g., Atley v. Ault, 21 F.Supp.2d 949 (S.D.Iowa 1998).

> The Eight Circuit, reviewing such cases as Von Molke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), and Zuck v. Alabama, 588 F.2d 436 (5th Cir. 1979), has explicitly recognized that an actual conflict of interest exists when 'an attorney is placed in a situation conducive to divided loyalty.' Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir. 1991). Clearly, having to compete against one's future employer's interest in a conviction and having to choose between advocating for one's client and offending the sensibilities of future co-worker, is 'conducive' to

divided loyalty issues and the substantial dilution of an attorney's services. In fact, Zuck and Von Molke dealt with very similar issues themselves and both cases resulted in reversal of the trial court. Von Molke, 332 U.S. at 725-27, 68 S.Ct. at 324-25; Zuck, 588 F.2d at 440-41.

Atley, 21 F.Supp. at 957-59. See, also, Williams v. Jones, 391 F. Supp.2d 603 (N.D.Ohio 2005); Thomas v Beard, 388 F.Supp.2d 491 (E.D. Pa 2005), Pazden v. Maurer, 424 F.3d 303 (3rd Cir. 2005); Fowler v. Collins, 253 F.3d 244 (6th Cir. 2001).

Wherefore, the petitioner prays that this Court grant this Motion, and that the court apply the precedent of the cases to the facts surrounding the petitioner's conflict of interest and his waiver of conflict-free counsel issues. Pet.Mem. at 23-47 and Pet. Mem. at 49-67.

Respectfully Submitted,

Dated: 02/06/07

/s/ Daniel Yeboah-Sefah
Daniel Yeboah-sefah, pro se
Old Colony Correct'l Center
1 Administration Road
Bridgewater, MA 02324

CERTIFICATE OF SERVICE

I, Daniel Yeboah-Sefah, hereby certify that on the below date I served a true copy of the above motion on the respondent by mailing same by U.S. mail, first class, postage prepaid.

Dated: 02/06/07

/s/ Daniel Yeboah-Sefah
Daniel Yeboah-Sefah, pro se