EXHIBIT A

Daniel Yeboah-Sefah
Old Colony Correct'l Center
One Administration Road
Bridgewater, MA 02324

February 20, 2007

Chauncey B. Wood, Esquire
Shea, LaRocque & Wood, LLP
47 Third Street, Suite 201
Cambridge, MA 02141

RE: DANIEL YEBOAH-SEFAH V. EDWARD FICCO
CIVIL ACTION NUMBER 04-CV-10125-RWZ

Dear Mr. Wood:

   I am in receipt of your letter dated on February 14, 2007, alleging that you are afraid you cannot agree with my reasoning that Von Moltke and Atley are helpful to me. After further research, I find you are patently wrong yet again regarding the applicability of Von Moltke and among other doctrine of precedents. See e.g., Shafer v. Bowerso, 329 F.3d 637, 651 (8th Cir. 2003). While it is true that the Eighth Circuit Court of Appeals did not cite Von Moltke or Zuck, it did however, affirmed the district court's finding of facts and law. See, Atley v. Ault, 21 F.Supp.2d 949 (S.D.Iowa 1998); affirmed Atley v. Ault, 191 F.3d 865 (8th Cir. 1999). See, also, McCambridge v. Hall, 303 F.3d 24, 36-37 (1st Cir. 2002). Though Von Moltke deals with waiver of counsel and guilty plea, as you commented. Nonetheless, Mr. Justice Black in his opinion asserted that, "The right to counsel guaranteed by the Constitution contemplates the services of an attorney devoted solely to the interests of his client." Von Moltke v. Gillies, 332 U.S. 708, 725, 68 S.Ct. 316, 324, (1948), citing Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 465 (1942). Moreover, Mr. Justice Pratt, District Court, emphatically averred that, "To hold that Von Moltke stands only for the proposition that those currently on the government roles cannot fulfull the constitutional requirement of counsel for the defense, would exalt form over substance." Atley, 21 F.Supp.2d at 958. It is unmistakably clear that your reasoning is precisely what the government unsuccessfully argued before the Eighth Circuit Court of Appeals. Shafer, 329 F.3d at 651.

   In light of your most recent erroneous legal advice, I find it necessary to terminate you from my case -- and no further communication of any kind would be accepted.

   Kindly govern yourself accordingly.

Sincerely,

Daniel Yeboah-Sefah

cc: Ms. Justice Zobel
    Donald Bronstein, Esq., (CPCS)
    FILe

SHEA, LaROCQUE & WOOD, LLP
47 THIRD STREET, SUITE 201
CAMBRIDGE, MASSACHUSETTS 02141-1265

MARK W. SHEA
JEAN C. LaROCQUE
CHAUNCEY B. WOOD*
AUSTIN C. TZENG

TEL 617.577.8722
FAX 617.577.7897

EXHIBIT B

February 14, 2007

**PRIVILEGED & CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**

Daniel Yeboah-Sefah (W56116)
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA 02324

Dear Daniel:

I have reviewed your "Motion to Supplement Pleading" and the cases it cites. I am afraid I cannot agree with your reasoning that Von Moltke and Atley are helpful to you. Because we are pursuing federal habeas relief, we must demonstrate that the decision of the SJC was "contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). None of the cited cases do that.

First, whatever Justice Black's opinion in Von Moltke v. Gillies stands for, it is not clearly established Federal law because he was writing for only four justice of the court (i.e. a so-called plurality), not a majority of five. The two concurring justices, Frankfurter and Jackson, made no mention of the conflict of interest issue. Second, I do not believe that his opinion "clearly established" any Federal law on the conflict of interest issues presented in our case. While it is true that he made the general statement that the Constitutional right to counsel "contemplates the services of an attorney devoted solely to the interests of his client," he did not discuss the more specific issue raised in our case: what a defendant has to demonstrate in order to establish ineffective assistance and a reversal of his conviction where his attorney operated with divided loyalties because he simultaneously represented a prosecution witness in a separate matter. In fact, even his general statement on the importance of the right to counsel with undivided loyalties was not central to the case. It was undisputed that the Petitioner in Von Moltke had no counsel when she pled guilty. The principle issue was whether she had made a knowing, intelligent and voluntary waiver of her right to counsel. In support of his conclusion that she had not, Justice Black argued that her consultations with government agent-attorneys from the FBI did not make her decision to waive counsel knowing and intelligent, because the FBI agents were not devoted solely to her interests when they offered her advice. In short, Von Moltke's case is clearly factually distinguishable from yours.

*ALSO ADMITTED IN NEW YORK AND THE DISTRICT OF COLUMBIA

I am afraid that Atley v. Ault is no more helpful. As you noted, the district court's decision was appealed to the Eighth Circuit. See Atley v. Ault, 191 F.3d 865 (8th Cir. 1999). To the extent that we may rely on factually analogous cases from inferior federal courts to define the contours of clearly established Federal law, see O'Brien v. DuBois, 145 F.3d 16, 25 (1st Cir. 1998), we can only rely on the decision of the highest federal court in any such case. In other words, in Atley, we must rely on the Eighth Circuit's decision, not the district court's decision. In its decision, the Eighth Circuit drew a distinction between cases in which a defendant raises no objection to his counsel's representation at or before trial and cases where he does raise such an objection. See Id. at 869-70. It concluded that the rule announced in Cuyler v. Sullivan - that a defendant must show "adverse effects" in order to establish an "actual conflict of interest" - applies in the former situation, but not the latter. Therefore, by the Eight Circuit's reasoning, the Cuyler adverse effects test should apply to your case because you did not object to your attorney's representation at or before trial. This is no help to you because we are arguing that Cuyler's adverse effects requirement does not apply to your case. Moreover, the Eighth Circuit did not cite Von Moltke, Zuck or any other case that suggested that a defendant need not demonstrate adverse effects where he did not object to his counsel's representation at or before trial. Likewise, the Court gave no indication that cases involving joint representation of co-defendants should be treated differently than cases involving simultaneous representation of a defendant and a government witness. To the contrary, the Court noted that the rule announced in Cuyler is not limited to situations involving joint representation of co-defendants. See Id. at 870 n.4.

I reviewed all of the other cases you cited. None of them are helpful. Most simply cite Von Moltke in connection with a discussion of the validity of a waiver of the right to counsel. In any event, none of them shed any light on the issues presented in our case.

As requested, I have included copies of Von Moltke and the Eighth Circuit's decision in Atley. Feel free to call me to discuss this.

Sincerely,

Chauncey B. Wood

CBW/ps
Enclosures [2]

2