SHEA, LaROCQUE & WOOD, LLP
47 THIRD STREET, SUITE 201
CAMBRIDGE, MASSACHUSETTS 02141-1265

MARK W. SHEA
JEAN C. LaROCQUE
CHAUNCEY B. WOOD*
AUSTIN C. TZENG
KATHRYN H. BARNWELL

TEL 617.577.8722
FAX 617.577.7897
WWW.SLRW.NET

September 10, 2007

The Honorable Rya W. Zobel
United States Courthouse
One Courthouse Way
Boston, MA 02210

Re:   **Yeboah-Sefah v. Ficco**
      No. 04-CV-10125-RWZ

Dear Judge Zobel:

I write to bring to the Court's attention supplement authority - Commonwealth v. Agbanyo, 69 Mass. App. Ct. 841 (August 24, 2007) - decided after the briefing in this case had been completed. Agbanyo is relevant to two arguments presented in Mr. Yeboah-Sefah's memorandum of law.

First, Agbanyo is relevant to Argument I: that the Petitioner did not make a knowing, intelligent and voluntary waiver of his constitutional right to conflict-free counsel. See Petitioner's Memorandum of Law (Mem.) at 23-47. More specifically, the trial judge in this case conducted a colloquy with the Petitioner designed to determine whether he was making a knowing, intelligent and voluntary waiver of his right to conflict-free counsel. Addressing the adequacy of this colloquy, the SJC wrote, "[w]e are satisfied that any deficiency in the colloquy as it appears in the transcript was due less to the diligence of the judge in ensuring that the decision was knowing and voluntary than to the reticence of the defendant." Boateng, 438 Mass. at 510. In Agbanyo, the Massachusetts Appeals Court held that a similar colloquy was inadequate to establish that the defendant's waiver was knowing, intelligent and voluntary. Agbanyo, 69 Mass. App. Ct. at 845-46. The Appeals Court explained that

> [i]n the present case, the judge's exchange with the defendant (much like the colloquy held to be inadequate in Commonwealth v. Martinez, [425 Mass. 382,]387 n. 3, 681 N.E.2d 818 [1997]) failed to cover important points. The judge neglected to inquire into the defendant's understanding of the possible conflict, to advise the defendant that he had a constitutional right to an attorney free of divided loyalties, to invite the defendant to raise or discuss any concerns that he might have, to inform the defendant that he could consult with another attorney before deciding what to do, or

>to offer a continuance to permit the defendant to investigate his options or obtain new counsel. See ibid., and cases cited. Given these deficiencies in the colloquy, we cannot conclude that the defendant - whatever his language ability and educational background - gave his consent voluntarily, knowingly, and intelligently.

Id. (footnote omitted). All of the criticisms raised by the Appeals Court in Agbanyo are, as Mr. Yeboah-Sefah has already explained, equally applicable here. See Petitioner's Mem. at 31-34.

Second, Agbanyo is relevant to Argument II(A): the Petitioner was denied his constitutional right to the effective assistance of counsel because his counsel had a conflict of interest - specifically, he simultaneously represented the medical examiner in an unrelated civil case. See Mem. at 49-67. As Mr. Yeboah-Sefah explained in his memorandum, the mere fact that trial counsel simultaneously represented an important government witness and thus had an incentive not to challenge that witness's testimony as aggressively as he might otherwise have done was sufficient to establish an actual conflict of interest under the Sixth Amendment." Mem. at 57. Moreover, Mr. Yeboah-Sefah argued that the SJC's refusal to follow clear Massachusetts precedent on this point - Commonwealth v. Hodge, 386 Mass. 165, 434 N.E.2d 1246 (1982) - constituted a denial of equal protection and due process of law. See Mem. at 57-59, citing Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871 (1984); Barclay v. Florida, 463 U.S. 939, 957-58, 103 S. Ct. 3418 (1983) (plurality opinion). Agbanyo reiterates the continuing vitality of Hodge in Massachusetts because it cites that case as an example of a conflict presenting "a great[] risk of impaired professional judgment" and thus warranting reversal of the defendant's conviction. Agbanyo, 69 Mass. App. Ct. at 848 n.8. The Court noted that it was significant that "the witness in Hodge was a current client of defense counsel's firm, such that defense counsel's professional and financial interests plainly and immediately were implicated." Id. The same was true in this case. Moreover, Agbanyo's failure to cite Boateng on this point is also telling. Obviously, despite the fact that this case involved precisely the same sort of conflict as Agbanyo and Hodge, the Court felt that the SJC's reasoning in its Boateng was not compelling or even helpful. In short, Agbanyo reaffirms that Hodge is clearly established Massachusetts law - consistent with federal law on the point - and that Boateng is viewed as inconsistent with that law by other Massachusetts appellate courts. Because the SJC failed to follow this clearly established federal and state law in Mr. Yeboah-Sefah's case, it denied Mr. Yeboah-Sefah his Sixth Amendment right to the effective assistance of counsel, as well as equal protection and due process of law under the fourteenth amendment to the federal Constitution.

Sincerely,

*/s/ Chauncey Wood*

Chauncey B. Wood

cc: AAG David M. Lieber
     Daniel Yeboah-Sefah